

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Marcia B. Paul**
212.603.6427 tel
212.489.8340 fax

marciapaul@dwt.com

July 6, 2018

Hon. Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street, Room 1960
United States Courthouse
New York, NY  10007

> Re:   *Michael May v. Sony Music Entertainment, et al*,
>       <u>Case No. 1:18-cv-02238 (LAK) (RWL)</u>

Dear Judge Lehrburger:

We write as counsel for all defendants in the above-referenced action in accordance with Your Honor's Individual Practices (§ III.C-D), requesting a conference concerning defendants' intention to move to dismiss the Second Amended Complaint (the "SAC" or "Complaint") for failure to state a claim pursuant to Fed. R. Civ. P. Rule 12(b)(6) or, in the alternative, to partially dismiss certain claims that are barred by the statute of limitations and seek unavailable remedies. This motion is made following the May 23, 2018 conference of counsel at which plaintiff declined to dismiss or amend.[1]

This is an action for copyright infringement of plaintiff's registered musical composition "We Run Things" (the "May Song"), by defendants' alleged creation and release of a song, performed by Miley Cyrus, titled "We Can't Stop" (the "Cyrus Song"). The claim is based solely upon the allegation that a single, short lyrical phrase in the May Song—in Jamaican patois, "Wi run tings, tings nuh run wi"—is used in the Cyrus Song (which includes the lyric "We run things, things don't run we."). That is the ***only*** specific allegation of infringement,[2] and it is insufficient to withstand defendants' motion.

---

[1] By Stipulation, plaintiff previously filed the SAC naming the proper parties named as defendants (Dkt. No. 32); defendants expressly reserved all rights with respect to various newly added factual allegations.

[2] One only need to listen to the two songs (copies included with this letter, together with a transcription of their respective lyrics) to determine that that is in fact the *only* similarity between them. Plaintiff also generally alleges that Cyrus copied the "theme" of his Song (SAC ¶¶ 57, 66, 70, 83) but "[t[hemes fall into the category of uncopyrightable ideas," *McDonald v. West*, 138 F.Supp.3d 448, 455 (S.D.N.Y. Sept. 30, 2015) citing *Walker v. Time Life Films, Inc*., 784 F.2d 44, 48–49 (2d Cir. 1986) and *Hoehling v. Universal City Studios, Inc*., 618 F.2d 972, 979 (2d Cir.1980) ("distinguishing between themes, facts, and scenes a faire on the one hand, and copyrightable expression on the other"), and that her performance mimics qualities like his "cadence," "inflection" and "vocal rhythm" (SAC ¶ 97), but plaintiff must specifically identify the alleged instances of infringement; such generalized allegations are insufficient to withstand a motion to dismiss. *See e.g., Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Magistrate Judge Robert W. Lehrburger
July 6, 2018
Page 2


First, because plaintiff's short phrase is not protectable, it cannot be the predicate of the required substantial similarity of protectable expression for copyright infringement.[3]  *Arica Inst., Inc. v. Palmer,* 970 F.2d 1067, 1072 (2d Cir. 1992) ("[S]hort phrases … do not exhibit the minimal creativity required for copyright protection."); *Boone v. Jackson,* 206 F. App'x, 30, 33 (2d Cir. 2006) (no infringement of phrase "holla back" because "common phrases are not protectable under copyright"); *Bell v. Blaze Magazine*, No. 99 CIV. 12342 (RCC), 2001 WL 262718, at *4 (S.D.N.Y. Mar. 16, 2001) (phrase "Hip Hop Behind the Walls" is not copyrightable); *see also* 37 C.F.R. § 202.1(a) ("[w]ords and short phrases such as names, titles and slogans" are material not subject to copyright).

Second, notwithstanding plaintiff's allegations to the contrary, many published sources indicate that this phrase is an old Jamaican proverb, commonly used, and therefore not original to plaintiff.[4]  Originality is the "*sine qua non* of copyright."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 348 (1991).  May alleges that he popularized this phrase, but he cannot claim to *own* a phrase merely because he *popularized* it.  *See Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143–44 (2d Cir. 1998) (phrase "you've got to stand for something, or you'll fall for anything" was not copyrightable because, *inter alia*, defendant "submitted to the district court documentation of numerous uses of the saying at issue that predate the Acuff–Rose song . . . cited sources ascribing the origin of the phrase (or of close variants) to a variety of sources . . .  and others that simply refer to it as an 'old saying.'").

Third, even if there was substantial similarity of protectable expression, this very limited use would be deemed a fair use as a matter of law.[5]  The relevant statutory factors include: (1) the purpose and character of the use . . . (2) the nature of the copyrighted work; (3) the amount

---

(S.D.N.Y. 1992), *aff'd,* 23 F.3d 398 (2d Cir. 1994); *see also Shaheed-Edwards v. Syco Entm't, Inc.,* No. CV 17-06579 SJO (SS), 2017 WL 6403091, at *3 (C.D. Cal. Dec. 14, 2017) (allegations that defendant's song used "two short lyrics" the same "chorus, concept, and cadence'" as plaintiff's work are "merely conclusory and cannot be sustained without more specificity").

[3] "[I]t is entirely appropriate for a district court to resolve [this] question as a matter of law, 'either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar.'"  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (citations omitted).

[4] *E.g.* Online publication in Jamaican Patois dictionaries, *e.g.,* http://jamaicanpatwah.com/term/Wi-run-tings-tings-nuh-run-wi/2881#.WtfvREEpCEd *and* http://wisejamaican.com/wi-run-tings-tings-nuh-run-wi/;  November/December 2003 article entitled "We run tings—tings nuh run we!" in *Everybody's Magazine* by Barnes ("A very bold saying laced with temerity amongst many Jamaicans is 'We run tings, tings nuh run we!'"); and August 2009 *Los Angeles Sentinel* article entitled "SCLC Fight Against Gay Marriage A No Win Situation" by Cannick ("There's an old Jamaican proverb that goes something like, "we run tings, tings nuh run we.").

[5] Fair use can be decided on a Rule 12 motion.  *See Lombardo v. Dr. Seuss Enters., L.P.*, 279 F. Supp. 3d 497, 504–05 (S.D.N.Y. 2017) ("Numerous courts in this district have resolved the issue of fair use on a motion for judgment on the pleadings by conducting a side-by-side comparison of the works at issue), *appeal docketed*, No.    17-2952 (2d Cir., Sept. 22, 2017); *Oyewole v. Ora*, 291 F. Supp. 3d 422 (S.D.N.Y. 2018) (granting Rule 12(b)(6) motion on fair use grounds), *appeal docketed*, No. 18-1311 (2d Cir. May 1, 2018.)

Magistrate Judge Robert W. Lehrburger
July 6, 2018
Page 3


and substantiality of the portion used . . ., and (4) the effect of the use upon the potential market for or value of the copyrighted work. *Cariou v. Prince*, 714 F.3d 694, 705 (2d Cir. 2013); 17 U.S.C. § 109. The first factor inquiry centers largely upon the transformativeness of the use. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577–78 (1994); *Oyewole*, 291 F. Supp. 3d at 433 ("[T]he critical inquiry is whether the new work uses the copyrighted material itself for a purpose, or imbues it with a character, different from that for which it was created.'" (citations omitted)). Defendants' use is highly transformative as the Cyrus Song differs in virtually every respect from the May Song, including the melody, lyrics, and contrasting themes, *i.e.*, women's power to party ("it's our party we can do what we want . . .") vs. the subservience of women ("We rule girl, girl no rule we"; "We come first and she come second"). On the second factor, while the May Song in its entirety may be original to plaintiff, the common phrase is not as addressed above. Only this one lyric was allegedly taken; and plaintiff cannot claim to have a market to license this phrase as he does not own it,[6] nor could the Cyrus Song possibly impinge on the market for the May Song itself, as the two songs are addressed to entirely different audiences. *See Cariou*, 714 F. 3d at 708-09 (secondary use does not usurp market for original where they do not target the same primary or even derivative market).

Defendants believe that the SAC should be dismissed in its entirety and with prejudice for these reasons, alternatively seek to substantially limit the scope of plaintiff's recovery, correspondingly limiting the scope of discovery by reason of the following:

- May is only entitled to recover actual damages or infringing profits for infringing acts within three years of filing of his original complaint on March 13, 2018 (17 U.S.C. § 507; *see also Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S. Ct. 1962 (2014)), approximately five years after "We Can't Stop" was released on June 3, 2013, so he cannot recover for alleged infringements before March 13, 2015.[7] As the vast majority of profits are earned within a year of a song's release, dismissal will substantially reduce any theoretical recovery.

- The complaint seeks actual damages and/or infringing profits generated by extraterritorial infringements. *See* SAC ¶¶ 63, 109, 115-118, 122. "It is axiomatic that

---

[6] Although plaintiff claims to have once licensed this phrase for a 1999 film (SAC ¶ 60), it has been used by many others and was and is generally in public parlance. Similar lyrics have appeared in popular songs, works of literature, magazines, a play and a Nike ad campaign.

[7] While the Second Circuit follows the discovery rule (*Psihoyos v. John Wiley & Sons, Inc.,* 748 F.3d 120 (2d Cir. 2014)), that does nothing to change the three year look back for damages recovery. *See, e.g., Goodman v. Universal Beauty Prods., Inc.*, No. 17-cv-1716(KBF), 2018 WL 1274855, at *7 (S.D.N.Y. Mar. 9, 2018); *Papazian v. Sony Music Entm't*, No. 16-cv-07911(RJS), 2017 WL 4339662, at *6 (S.D.N.Y. Sept. 28, 2017); *Fischer v. Forrest*, No. Civ. 1304 (PAE)(AJP), 2017 WL 128705, at *7 (S.D.N.Y. Jan. 13, 2017), *report and recommendation adopted*, 2017 WL 1063464 (S.D.N.Y. Mar. 21, 2017); *Wu v. John Wiley & Sons, Inc.*, No. 14 Civ. 6746(AKH)(AJP), 2015 WL 5254885, at *7 (S.D.N.Y. Sept. 10, 2015); *Noval Williams Films LLC v. Branca*, No. 14 Civ. 4711(PAC), 2018 WL 389092, at *7 (S.D.N.Y. Jan. 11, 2018).

Magistrate Judge Robert W. Lehrburger
July 6, 2018
Page 4


copyright laws have no extraterritorial application," where there is no predicate act of infringement in the United States. *Armstrong v. Virgin Records, Ltd.*, 91 F. Supp. 2d 628, 635 (S.D.N.Y. 2000) ("Consequently, to the extent that Armstrong seeks to recover for alleged acts of infringement solely committed abroad, such as the distribution and sale of 'Blue Lines' albums in the United Kingdom, he could not obtain such recovery under our copyright laws."); *Forties B LLC v. Am. W. Satellite, Inc.*, No. 09 Civ. 8583 (JSR), 2010 WL 2075927, at *1 (S.D.N.Y. May 19, 2010) (internal quotations omitted); *see also Zappa v. Rykodisc, Inc.*, 819 F. Supp. 2d 307, 315 (S.D.N.Y. 2011) ("United States copyright laws have no extraterritorial operation.") citing *Robert Stigwood Grp. Ltd. v. O'Reilly*, 530 F.2d 1096, 1101 (2d Cir.1976).

- Plaintiff is not entitled to statutory damages or attorney's fees, as he registered his Song *after* the alleged infringement had already occurred.  17 U.S.C.A. § 412 ("no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration").

We look forward to further amplifying these arguments before the Court and in defendants' anticipated moving papers.

Respectfully submitted,

Davis Wright Tremaine LLP

/s/ Marcia B. Paul
Marcia B. Paul


MBP/lp
Encl.

cc:     Willie E. Gary, Esq. (via ECF)
        Loreal McDonald, Esq. (via ECF)
        Larry A. Strauss, Esq. (via ECF)
        Victor Gregory Swift, Esq. (via ECF)
        Stephen L. Drummond, Esq. (via ECF)
        Joann Squillace, Esq. (via ECF)
        Carol N. Green, Esq. (via ECF)