UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

MICHAEL MAY a.k.a. FLOURGON,

                    Plaintiff,

        -against-                       18-cv-2238 (LAK) (RWL)

SONY MUSIC ENTERTAINMENT; DESTINY HOPE
CYRUS a.k.a. MILEY RAY CYRUS; SMILEY MILEY,
INC.; THERON THOMAS; TIMOTHY THOMAS;
MICHAEL LEN WILLIAMS II a.k.a. MIKE WILL
MADE IT / MIKE WILL; and LARRY RUDOLPH,

                    Defendants.

------------------------------------------------x

**ORDER**

Lewis A. Kaplan, *District Judge.*

       This matter is before the Court on defendants' motion to dismiss plaintiff's second amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

       Magistrate Judge Robert W. Lehrburger has rendered a well considered report and recommendation in which he recommends that defendants' motion be GRANTED to the extent it bars the recovery of damages for any infringement occurring prior to March 13, 2015 and DENIED in all other respects.[2]

       Defendants raise three principal objections to Judge Lehrburger's recommendations. They argue that Judge Lehrburger should have concluded that: (1) the works in question are not substantially similar; (2) defendants' use qualifies as a fair use; and (3) plaintiff is not entitled to an award of statutory damages or attorneys fees.[3]

---

[1] DI 51.

[2] DI 63.

[3] DI 65.

Defendants' first two objections are without merit and are overruled.

With regard to defendants' third objection, Section 412 of the Copyright Act imposes a bright-line rule barring the recovery of statutory damages and attorneys fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration. *See Steele v. Bell*, 2014 WL1979227 (S.D.N.Y. 2014); *Shady Records, Inc. v. Source Enterprises, Inc.*, 2005 WL 14920 (S.D.N.Y. 2005). The Court has carefully reviewed this matter and determined that because defendants' first alleged infringement occurred in 2013—four years before plaintiff registered the work in question—application of the bright-line rule precluding the award of statutory damages and attorneys fees is appropriate in this case.

Accordingly, defendants' motion to dismiss the second amended complaint [DI 51] is granted to the extent that plaintiff's claims for statutory damages, attorneys fees, and damages for any infringement occurring prior to March 13, 2015 are dismissed. It is denied in all other respects.

SO ORDERED.

Dated:     June 28, 2019

_____
Lewis A. Kaplan
United States District Judge